FILED

13 SEP 25 AM 8:18

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee for GSR 2007-AR1, its successors and/or assigns,<br><br>Plaintiff,<br><br>vs.<br><br>ANNETE M. GREETIS, and Does 1 through X, inclusive,<br><br>Defendants. | CASE NO. 13-CV-02249 BEN (RBB)<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION.**<br><br>[Docket Nos. 1, 2] |

Presently before the Court is Plaintiff's Notice of Removal and Motion for Leave to Proceed *In Forma Pauperis* (IFP). For the reasons stated below, this Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP and **REMANDS** this action to the San Diego County Superior Court.

This action is an unlawful detainer action initially filed in San Diego County Superior Court, Central Division. Plaintiff Deutsche Bank National Trust Company asserts it is the owner of real property located at 28750 Canyon Road, Valley Center, CA 92082. (Notice of Removal, Exh. A (Compl. ¶ 1).) Plaintiff alleges it served Defendant Annete M. Greetis with written notice to vacate the property on November 27, 2012, but Defendant failed to vacate the property and continues to fail to vacate the property. (*Id.*, Exh. A (Compl. ¶¶ 6-9).) Plaintiff seeks possession of the property and

unpaid rent. (*Id.*, Exh. A (Compl. at 3).) On September 19, 2013 Defendant Annete M. Greetis filed an Notice of Removal to remove the action to this Court. (Docket No. 1.) Defendant Greetis also filed a Motion to Proceed IFP (Docket No. 2).

### I. Motion for Leave to Proceed In Forma Pauperis

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

This court has received Plaintiff's Application to Proceed IFP (Docket No. 2). These statements show that Plaintiff claims a "take-home" income of $1,336.00, and monthly expenses of $2,051.00. Upon consideration of all the facts asserted, this Court **GRANTS** Plaintiff's Motion to Proceed IFP.

### II. Lack of Subject Matter Jurisdiction

Congress has authorized a defendant to remove a civil action from state court to federal court. 28 U.S.C. § 1441. However, the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Moreover, there is a strong presumption against removal jurisdiction; doubts as to whether the federal court has subject matter jurisdiction must be resolved in favor of remand. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). A defense based on federal law is not sufficient to remove an action to federal court. *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir. 1994) ("[N]either an affirmative defense

based on federal law . . . nor one based on federal preemption . . . renders an action brought in state court removable.").

Here, Defendants argue that federal question jurisdiction exists under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The only federal statute that Defendants cite in the Notice of Removal is the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*

Unlawful detainer actions arise under state law. *See Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914); *Wells Fargo Bank v. Lapeen*, No. C 11-01932, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011). In addition, the FDCPA does not provide a basis for removal because it is at best an anticipated defense or potential counterclaim. *See Aurora Loan Servs., LLC v. Montoya*, No. 11-cv-2485, 2011 WL 5508926, at *3 (E.D. Cal. Nov. 9, 2011); *SD Coastline LP v. Buck*, No. 10CV2108, 2010 WL 480966, at *2-3 (S.D. Cal. Nov. 19, 2010).

Defendant also asserts that this court has jurisdiction under 28 U.S.C. § 1443(1). To invoke this Court's jurisdiction under § 1443(1), a defendant must show, *inter alia*, that the right on which they rely is a "right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." § 1443(1); *State of Ga. v. Rachel*, 384 U.S. 780, 788 (1966). This prong has been interpreted to require that the alleged violation of civil rights arise under "any law providing for specific civil rights stated in terms of racial equality." *Rachel*, 384 U.S. at 792. Petitioners must also assert that state courts will not enforce that right, and that allegation must be supported by reference to a state statute or constitutional provision that purports to command the state courts to ignore the federal rights. *People of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) (citing *Rachel*, 384 U.S. at 794-804; *Greenwood v. Peacock*, 384 U.S. 808, 827-28 (1966)).

Plaintiff's Notice of Removal fails to meet the requirements for § 1443 jurisdiction. Plaintiff asserts violation of the Fourteenth Amendment's Due Process

based on federal law . . . nor one based on federal preemption . . . renders an action brought in state court removable.").

Here, Defendants argue that federal question jurisdiction exists under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The only federal statute that Defendants cite in the Notice of Removal is the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*

Unlawful detainer actions arise under state law. *See Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914); *Wells Fargo Bank v. Lapeen*, No. C 11-01932, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011). In addition, the FDCPA does not provide a basis for removal because it is at best an anticipated defense or potential counterclaim. *See Aurora Loan Servs., LLC v. Montoya*, No. 11-cv-2485, 2011 WL 5508926, at *3 (E.D. Cal. Nov. 9, 2011); *SD Coastline LP v. Buck*, No. 10CV2108, 2010 WL 480966, at *2-3 (S.D. Cal. Nov. 19, 2010).

Defendant also asserts that this court has jurisdiction under 28 U.S.C. § 1443(1). To invoke this Court's jurisdiction under § 1443(1), a defendant must show, *inter alia*, that the right on which they rely is a "right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." § 1443(1); *State of Ga. v. Rachel*, 384 U.S. 780, 788 (1966). This prong has been interpreted to require that the alleged violation of civil rights arise under "any law providing for specific civil rights stated in terms of racial equality." *Rachel*, 384 U.S. at 792. Petitioners must also assert that state courts will not enforce that right, and that allegation must be supported by reference to a state statute or constitutional provision that purports to command the state courts to ignore the federal rights. *People of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) (citing *Rachel*, 384 U.S. at 794-804; *Greenwood v. Peacock*, 384 U.S. 808, 827-28 (1966)).

Plaintiff's Notice of Removal fails to meet the requirements for § 1443 jurisdiction. Plaintiff asserts violation of the Fourteenth Amendment's Due Process

and Equal Protection Clauses. (Notice of Removal at 2). The Ninth Circuit has held that assertion of rights based upon the broad protections of the Fourteenth Amendment are not within the coverage of § 1443. *Sandoval*, 434 F.2d at 636 (citing *Rachel* 384 U.S. at 788-792; *Greenwood*, 384 U.S. 825); *see also Miller v. Wade*, 420 F.2d 489, 490 (5th Cir. 1969) ("The statute does not authorize removal to protect the broad guarantees of the constitution."). The Supreme Court stated that broad contentions under the Due Process Clause cannot support a valid claim for removal under § 1443(1) because the guarantee of that clause is "phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands." *Rachel*, 384 U.S. at 792. Further, the petition for removal does not allege a denial of equal rights based on race. Docket No. 1. Plaintiff also fails to offer any assertion that state courts will not enforce Plaintiff's rights. *See Sandoval*, 434 F.2d at 636 ("Nor can appellants point to any enactment of California state law that supports the inference that what rights they have will not be heard fully and fairly in the courts of that state.").

This Court lacks subject matter jurisdiction. Accordingly, the Court **REMANDS** this action to the San Diego County Superior Court.

**IT IS SO ORDERED.**

DATED: September 27, 2013

HON. ROGER T. BENITEZ
United States District Court Judge